UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JERMAINE HINES | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-cv-263 |
| | § | |
| ENERGY XXI SERVICES, LLC, | § | |
| ENERGY XXI GOM, LLC, ENERGY | § | |
| XXI HOLDINGS, INC. AND IOS/PCI, | § | |
| LLC D/B/A INSPECTION OILFIELD | § | |
| SERVICES | | |
| Defendants. | | |

# MEMORANDUM ORDER AND OPINION
# GRANTING MOTION TO TRANSFER VENUE

Plaintiff, Jermaine Hines, filed this lawsuit on September 22, 2016, to recover for injuries sustained while he was working on an offshore platform. Hines is a resident of Louisiana. Hines alleges that each of the Defendants have their principal place of business within the Southern District of Texas. Hines alleges that he "sustained serious injuries to his back, neck, and other parts of his body when he was required to operate heavy equipment that was owned and maintained by the Defendants," and contends that the Defendants were negligent for, among other things, failing to train and supervise crew and employees, failing to provide safety equipment, failing to provide a safe work environment, instructing crew members to perform their jobs in an unsafe manner, failing to provide adequate lifting assistance, and failing to maintain the platform.

Defendants Energy XXI GOM, LLC, Energy XXI Holdings, Inc., and Energy XXI Services, LLC (collectively, "the Energy Defendants") have filed a motion to transfer this

case to the United States District Court for the Southern District of Texas, Houston Division. Dkt. 29.

The Energy Defendants allege that transfer of this case is warranted because Houston is a clearly more convenient venue under 28 U.S.C. § 1404(a). Hines is opposed to the transfer.

## STANDARD FOR CONVENIENCE TRANSFERS

28 U.S.C. § 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005). Motions to transfer venue under § 1404(a) are committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The party seeking transfer has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id*.

## ANALYSIS

### A. Could this lawsuit have been filed in Houston?

A threshold question for a district court considering a motion to transfer venue under 28 U.S.C. 1404(a) is whether the suit could have been filed in movant's desired

transfer venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also Wells v. Abe's Boat Rentals Inc.*, No. CIV.A. H–13–1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014).

The parties do not dispute that venue would be proper in the Houston Division of the Southern District of Texas, and the Court finds that this lawsuit indeed could have been brought there originally.

### B. Balancing of Private and Public Factors

Next, the Court must determine whether on balance the transfer would serve "the convenience of parties and witnesses" and "the interest of justice" under 28 U.S.C. §1404(a) by weighing a number of private and public interest factors. *In re Volkswagen Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id*. No one single factor is given dispositive weight. *See Wells*, 2014 WL 29590 at *1 (quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 258 F.3d 337, 340 (5th Cir. 2004)). The Court analyzes these factors below.

1. **Private Interest Factors**

The Court first considers the private interest factors: relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

As to the relative ease of access to sources of proof, the platform on which Hines alleges that he was injured, and which is central to his claims, is located "on lease block MP73, on the Outer Continental Shelf near Louisiana." The Court takes judicial notice of the fact that this lease block is located near the far south-eastern edge of Louisiana, a significant distance from both Houston and Galveston.

Next, the Energy Defendants point out that their offices are located at 1021 Main Street in downtown Houston, Texas, which is approximately half a mile from the Houston Courthouse and approximately 50 miles from the Galveston Courthouse. The Energy Defendants contend that "[their] representatives, its employees and documents relating to this lawsuit" are all located in this Main Street office. Similarly, co-defendant IOS's principal place of business is at 652 North Sam Houston Parkway, in Houston, Texas, which is 15 miles from the Houston Courthouse and 65 miles from the Galveston Courthouse. The Energy Defendants also argue that the documents, representative, and employees for ICO are at this North Sam Houston Parkway location.

The Energy Defendants contend these office locations are relevant to both the ease of access to sources of proof and the cost of attendance for willing witnesses. The Court agrees.

Further, the Energy Defendants list several key party witnesses, all of whom reside in Houston or in Katy, Texas (located on the west side of Houston), and explain that these witnesses "will provide material and relevant testimony regarding the incident, the investigations relating to the incident, Energy XXI's role relating to the platform at issue and the incident and Energy XXI's policies and procedures." The Energy Defendants also provide the affidavit of Rex Anderson, who states that he has knowledge regarding Energy XXI's role relating to the platform at issue, the incident, and Energy XXI's policies and procedures, and who resides in Katy, Texas. Defendants contend that, for Mr. Anderson alone, traveling from Katy, Texas to Galveston would result in at least sixty miles roundtrip of additional travel and fuel expenses and lost time to attend trial in Galveston as compared to attending trial in Houston. The Energy Defendants also point out that Plaintiff's Rule 26 Disclosures listed counsel with a centrally-located Houston-area address (Memorial Drive, Houston, Texas, 77007) and that all of Plaintiff's medical providers were in New Orleans, Harahan, Metairie, Baton Rouge, or Lafayette, Louisiana. Although Hines contends that the convenience of witnesses who are currently employed by a party to the litigation should be of minimal concern, the Court notes that this analysis does not take into account the possibility that, by the time this case is tried to a jury, these witnesses may have changed employers.

Less persuasively, the Energy Defendants then list several key party witnesses who reside out of state and who would have to travel to either Houston or Galveston, contending that attending trial for these witnesses in Houston would be clearly more convenient than attending trial in Galveston. There is little information to explain this

contention, such as the cost of hotels, parking, taxis or rental cars, meals and other necessaries in Galveston versus the cost in Houston. The Energy Defendants also allege, in a general manner that "Several key non-party witnesses in this litigation reside in Louisiana and would have to incur additional travel time and expenses, such as increased taxi or rental car expenses to attend trial in the Galveston Division—expenses they would not incur to attend trial in the Houston Division." Again, these expenses are not broken down and no quantifying information is provided to explain how trying this case in Houston is "clearly more convenient" than trying the case in Galveston.

As to the final factor, the Energy Defendants contend that "it is more difficult, more expensive, and inconvenient to attend trial in the Galveston Division than the Houston Division." This general statement, however, is unsupported by any data.

Of these factors, the Court finds that, on the evidence and arguments presented, they are all neutral, except for the cost of attendance for willing witnesses, which weighs in favor of transfer to Houston.

### 2. Public Interest Factors

Next, the Court considers the public interest concerns, including the administrative difficulties flowing from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

The Energy Defendants contend that "the Galveston Division has no connection to the parties or the facts underlying this lawsuit" and that "[t]he public interest will be

better served by transferring this case to the Houston Division." Particularly, they express concern for the unfair burden that would be placed on Galveston Division citizens summoned for jury duty in a lawsuit that has no connection with the Galveston Division. Because the Energy Defendants and co-defendant IOS are both located in the Houston area, they argue that a Houston Division jury has a greater interest in this case.

The Energy Defendants also contend that the Houston area has a higher proportion of citizens employed by or impacted by offshore oil and gas production. In response, Hines contends that "[t]he people of Galveston, and thus the potential jurors for this case, have a meaningful connection to the issues involved in this lawsuit because Plaintiff was injured on the Outer Continental Shelf near Louisiana in an industry that has a significant connection to the Galveston area." The Court declines to weigh such unquantified assertions against each other.

As to court congestion, the Energy Defendants candidly concede that they "[do] not know the relative backlog of the Houston Division and the Galveston Division but assumes the Divisions are similar in this respect." They also concede that, because this case will involve the application of Louisiana law, both the Houston and Galveston division courts should be equally familiar with the governing law, and no conflict of law problems will apply. The Court, however, takes judicial notice of its own docket and that the recent increase in the number of criminal filings, as well as other administrative factors, have increased the number of cases pending per judge in the Galveston Division when compared to the number of cases pending per judge in the Houston Division.

Of the public interest facts, the Court finds that the local interest and court congestion factors weigh in favor of transfer to Houston, and all other factors are neutral.

**CONCLUSION**

After full consideration of the motion, the briefing in response, and the record of this case as a whole, the Court finds that the Energy Defendants have sustained their burden of showing that transfer of this case to Houston would be clearly more convenient.

Accordingly, the motion to transfer venue is **GRANTED**.

**This case is hereby transferred to the United States District Court for the Southern District of Texas, Houston Division.**

SIGNED at Galveston, Texas, this 16th day of May, 2017.

_____
George C. Hanks Jr.
United States District Judge